UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
_____ DIVISION

| | |
|---|---|
| RODNEY DWAYNE BIBBS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. _____ |
| MOLSON COORS BEVERAGE § | |
| COMPANY USA, LLC d/b/a MILLER § | |
| COORS, LLC, § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rodney Dwayne Bibbs ("Plaintiffs" herein), and hereby file this his Original Complaint against Defendant Molson Coors Beverage Company USA, LLC d/b/a Miller Coors, LLC ("Defendant" herein).

In support hereof, Plaintiff would show the Court as follows:

### I.

### **PARTIES**

1. Plaintiff Rodney Dwayne Bibbs is an individual who resides in Tarrant County, Texas.

2. Defendant Molson Coors Beverage Company USA, LLC d/b/a Miller Coors, LLC is a corporation that operates nationwide, whose principal office is located at 250 S. Wacker Dr., Suite 800, Chicago, Illinois 60606. Defendant may be served with process in Texas through its registered agent, Incorporating Services, Ltd., 3610-2 N. Josey, Suite 223, Carrollton, Texas, 75007-1603.

### II.

## JURISDICTION

3. This Court has personal jurisdiction over this defendant because the defendant has availed itself of the laws of Texas by operating its business in Texas, and the defendant has a large factory in Fort Worth, Texas where it produces its products for consumption by consumers both inside and outside of Texas. Further, the claim's value exceeds $75,000.

## III.

## VENUE

4. Venue is proper in this Court because the defendant resides in Texas at 7001 South Fwy, Fort Worth, TX 76134, and because a substantial portion of the events that led to the incident occurred in Texas.

## IV.

## FACTS

5. On or about March 19, 2020, Plaintiff was employed with High Horse Logistics, Inc. as a truck driver. High Horse Logistics, Inc. business included but may not have been limited to contracting with many companies throughout the State of Texas to ship goods to destinations within the U.S. via truck.

6. On March 19, 2020, Plaintiff, at the direction and instruction of his employer, was to pick up a trailer owned by JB Hunt in Virginia. The trailer was to be picked up at Miller Coors, LLC, located at 5135 SE Side Highway, Elkton, Virginia 22827. The trailer in question, prior to Plaintiff's arrival at Miller Coors, LLC was loaded and sealed by employees of Miller Coors, LLC. It was considered "against the rules" for the plaintiff to open the trailer and inspect how the load was secured. The responsibility for securing the load inside of the trailer was solely Miller Coors'.

7. As Plaintiff was transporting the trailer from Virginia to its' destination in Ft. Worth, Texas, the load placed within the trailer by Miller Coors, LLC broke and/or became loose, shifting to one side, causing the trailer to sway and swerve, and thus causing Plaintiff to lose control of his truck, which lead to his running off the road and overturning (the "accident'). This accident caused Plaintiff to sustain severe and debilitating injury to his person. There was no way for the plaintiff to foresee or to stop this from happening, as he had no access to the inside of the trailer at any point in time.

## V.

## COUNT 1 – NEGLIGENCE

8. Defendant is liable to Plaintiff for common law negligence. As the owner and operator of a business, Defendant owed Plaintiff the duty to exercise ordinary care, and a duty to ensure that the loads that it places in trailers for pick-up and hauling are properly secured for over-the-road transport.

9. Defendant owed Plaintiff the duty to exercise reasonable care to protect drivers from dangerous conditions such as this, the improper securing of a load, and Defendant had or should have had actual and/or constructive knowledge of the unreasonably dangerous condition caused by the improper securing of the load in the trailer.

10. Defendant ignored the duty to exercise the degree of care and maintenance which would have avoided harm to Plaintiff and others in similar circumstances. Consequently, Defendant's negligent, careless, and reckless conduct was the direct and proximate case of the accident referenced herein, and injuries sustained by Plaintiff. Defendant also committed acts and omissions which constitute negligence and/or gross negligence in one or more of the following ways:

   a. Breach of legal duty to eliminate, reduce, and/or simply warn of the dangerous condition the load at issue was in;

   b. Failing to warn Plaintiff of any potential danger or hazardous condition of the load;

   c. Failing to act in good faith;

   d. Failing to ensure its' employees were properly trained on safety as it relates to the securing of loads in trailers;

   e. Failing to inspect the load and/or proper securing of the load;

## VI.

## DAMAGES

11. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries to his person. As a result of Plaintiff's injuries, Plaintiff has also suffered the following damages:

   a. Physical pain in the past and future;

   b. Mental anguish in the past and future;

   c. Medical expenses in the past and future;

   d. Lost wages in the past and future;

   e. Loss of earning capacity;

   f. Physical impairment in the past and future; and

   g. Loss of enjoyment of life in the past and future.

## VII.

## PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon final trial of this matter, Plaintiff take judgment against Defendant for:

a. Actual damages;

b. Pre and Post judgment interest as allowed by law;

c. All costs of suit; and

d. Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**MCCATHERN, PLLC**

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com
Noah L. McCathern
State Bar No. 24118035
Nmccathern@mccathernlaw.com
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile:  (214) 741-4717